# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

UNITED STATES FIRE INSURANCE COMPANY,

   Plaintiff,

v.

C&D INSURANCE & BONDS, INC.,

   Defendant.

_____/

## COMPLAINT

Plaintiff, UNITED STATES FIRE INSURANCE COMPANY ("U.S. Fire"), by and through undersigned counsel, files this Complaint against Defendant, C&D INSURANCE & BONDS, INC. ("C&D"), and alleges as follows:

## INTRODUCTION

1. This action involves claims for breach of contract, negligence and breach of fiduciary duty related to unauthorized payment and performance bonds wrongfully issued by C&D in U.S. Fire's name.

## THE PARTIES

2. Plaintiff U.S. Fire is a Delaware corporation with its principal place of business in Morristown, New Jersey.

3. Upon information and belief, C&D was and is incorporated under the laws of the State of Florida and has its principal place of business in Saint Augustine, Florida. Thus, at all times material, Defendant, C&D, is and was a citizen of Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this action occurred in Saint Augustine, Florida, which is within this district.

## BACKGROUND

**A.      Relationship Between the Parties**

6. U.S. Fire is an insurance company that is in the business of issuing surety bonds.

7. C&D is an insurance broker that is in the business of executing and delivering surety bonds on behalf of insurance companies.

8. At all relevant times, C&D was authorized to execute and issue surety bonds on behalf of U.S. Fire on a case-by-case basis and subject to the approval of U.S. Fire to write such bonds.

9. At all relevant times, C&D effectively operated as a managing general agent for the issuance of surety bonds authorized by U.S. Fire.

**B.     The Subcontract**

10. On or about February 5, 2019, Celtic Solutions, Inc. ("Celtic") entered into a subcontract with URS Group, Inc. ("URS").

11. Under the Subcontract, Celtic was to perform certain work at "NSA Panama City, Florida Building 5- PO#M233837-07" and "NSA Panama City, Florida Building 652- PO#M23383-08" (collectively, the "Projects").

12. According to the Subcontract, "[i]n the event of termination for default…[Celtic] will be liable for all costs in excess of the Subcontract Price, excess re-procurement costs, incurred by [URS] and Customer in completing the Work that was to have been done by [Celtic] under this Agreement…"

**C.     The Bonds and Notice of Claim**

13. On or about December 16, 2019, C&D, as managing agent for U.S. Fire, issued payment and performance bonds (Nos. 602-107350 and 602-107351) for the Projects (the "Bonds") in U.S. Fire's name on behalf of Celtic, as principal, and in favor of URS, as obligee.

14. C&D issued the Bonds without adhering to the conditions required by U.S. Fire.

15. C&D issued the Bonds without the authority of U.S. Fire.

16. C&D was not authorized to issue the Bonds on behalf of U.S. Fire.

17. On or about August 23, 2021, U.S. Fire received notice of a Letter of Concern issued by URS to Celtic regarding Celtic's lack of performance at the Projects and advising Celtic of its performance obligations under the Subcontract and consequences in the event of termination or default.

18. After receiving the Letter of Concern, U.S. Fire first learned that C&D had issued the Bonds in U.S. Fire's name.

19. By email dated September 1, 2021, Mr. Jeremy Toto of C&D acknowledged that the Bonds were issued without U.S. Fire's approval and stated that "[t]his has been a serious mistake on my part…"

20. Since learning of Celtic's payment and performance issues with regard to the Projects in August 2021, U.S. Fire has been and continues to take all reasonable and necessary steps to keep the Projects progressing.

## COUNT ONE
## BREACH OF CONTRACT

21. U.S. Fire hereby incorporates and re-alleges paragraphs 1 – 20 as if fully set forth herein.

22. U.S. Fire and C&D entered into an agreement whereby U.S. Fire authorized C&D to issue payment and performance Bonds on U.S. Fire's behalf subject to certain general conditions. A true and correct copy of the Agreement is attached as Exhibit 1.

23. C&D has breached its agreement with U.S. Fire by failing to adhere to the agreed-upon conditions and issuing unauthorized Bonds in U.S. Fire's name.

24. As a direct and proximate result of C&D's breach, U.S. Fire has suffered damages in an amount to be established at trial.

## COUNT TWO
## NEGLIGENCE

25. U.S. Fire hereby incorporates and re-alleges paragraphs 1 – 24 as if fully set forth herein.

26. At all relevant times, C&D assumed a duty to possess and exercise a standard of care ordinarily possessed and exercised by a reasonably skillful and competent managing general agent.

27. A managing general agent is permitted to act on behalf of an insurer only as authorized to do so.

28. C&D negligently failed to adhere to the conditions set forth by U.S. Fire when issuing unauthorized payment and performance Bonds in U.S. Fire's name.

29. In doing so, C&D failed to perform in accordance with the applicable standard of care.

30. As a direct and proximate result of C&D's breach, U.S. Fire suffered damages in an amount to be established at trial.

## COUNT THREE
## BREACH OF FIDUCIARY DUTY

31.     U.S. Fire hereby incorporates and re-alleges paragraphs 1 – 30 as if fully set forth herein.

32.     C&D acted as managing agent for the purpose of executing and delivering surety bonds on U.S. Fire's behalf under the conditions and terms agreed upon by U.S. Fire and C&D

33.     C&D owed to U.S. Fire a fiduciary duty to act in U.S. Fire's best interest, as opposed to their own.

34.     As managing general agent C&D was permitted to act on behalf of U.S. Fire only as authorized to do so.

35.     C&D breached its fiduciary duty by failing to adhere to the conditions set forth by U.S. Fire when issuing unauthorized payment and performance Bonds in U.S. Fire's name without U.S Fire's knowledge and consent.

36.     As a direct and proximate result of C&D's breach of its fiduciary duty, U.S. Fire has suffered damages in an amount to be established at trial.

WHEREFORE, U.S. Fire respectfully requests that following relief and judgment:

    A.     With respect to Count One, and award or judgment against Defendant for any and all amounts that U.S. Fire has sustained in damages as a result of C&D's breach of contract, plus interest;

B. With respect to Count Two, an award or judgment against Defendant for any and all amounts that U.S. Fire has sustained in damages as a result of Defendant's negligent conduct, plus interest;

C. With respect to Count Three, an award of judgment against Defendant for any and all amounts that U.S. Fire has sustained in damages as a result of Defendant's breach of its fiduciary duty, plus interest;

D. Awarding U.S. Fire attorneys' fees and costs pursuant to law; and

E. For such other and further relief as this Court deems just, proper, and equitable.

DATED this 14th day of April, 2022.

Respectfully submitted,

/s/ Martin F. Harms
Martin F. Harms, Esq
Fla. Bar No. 96804
Kennedys CMK LLP
1395 Brickell Avenue, Suite 640
Miami, FL 33131
Tel: 305-371-1111
Email: martin.harms@kennedyslaw.com
maleny.leon-rivera@kennedyslaw.com

Frank M. Falcone (*pro hac vice* forthcoming)
frank.falcone@kennedyslaw.com
Kennedys CMK LLP
120 Mountain View Boulevard
Basking Ridge, NJ 07920
Tel: (908) 848-6304

*Counsel for Plaintiff*
*United States Fire Insurance Company*